FILED

JAN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In Re:,

MODTECH HOLDINGS, INC.,

      Debtor,

_____,

MODTECH STRUCTURES, LLC,

      Appellant,

  v.

MONTELEONE & MCCRORY LLP,

      Appellee.,

  and

MODTECH HOLDINGS, INC.,

      Interested Party.

No. 11-57789

D.C. No. 5:10-cv-00466-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 8, 2013[**]
Pasadena, California

Before: CANBY, REINHARDT, and WARDLAW, Circuit Judges.

Modtech Structures, LLC (MSL) appeals the district court's order affirming the bankruptcy court's decision granting Monteleone & McCrory, LLP's (M&M) Motion for Summary Judgment and denying MSL's Cross-Motion for Summary Judgment. MSL argues that the bankruptcy court erred in concluding that the amount Modtech Holdings, Inc. (Modtech) owed M&M in attorneys' fees was secured by a valid and enforceable attorney's lien. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.

The bankruptcy court did not err when it determined that M&M provided Modtech with sufficient disclosures under California Rule of Professional Conduct 3-300. Because the terms of the lien were fair, reasonable, and fully disclosed in writing to Modtech in a manner which Modtech reasonably should have understood; because M&M advised Modtech in writing that it could seek the advice of independent counsel regarding the terms of the lien and that it would give Modtech time to do so; and because Modtech consented in writing to the terms of

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

the lien, the bankruptcy court correctly concluded that M&M provided Modtech with sufficient disclosures under California Rule of Professional Conduct 3-300. *See* Cal. Rule of Prof. Conduct 3-300; *see also Fletcher v. Davis*, 90 P.3d 1216, 1222 (Cal. 2004) ("Rule 3-300 does not bar attorneys from obtaining liens on future recoveries. The rule merely requires the attorney who wishes to obtain such a lien to explain the transaction fully, to offer fair and reasonable terms, to provide a copy of the agreement, to give the client an opportunity to seek independent legal advice, and to secure the client's written consent."). *Beery v. State Bar of California*, 739 P.2d 1289 (Cal. 1987), does not impose any additional disclosure requirements, as that case pertains only to an attorney's ethical obligations when entering into independent business transactions with his client.

Nor was the bankruptcy court incorrect in its ruling that M&M was not required to file a UCC financing statement with the California Secretary of State in order to perfect its lien with respect to fees incurred for legal services unrelated to achieving the recoveries in question. California law does not require recording of attorney's liens to render them enforceable, regardless of whether the fees incurred were for legal services related to the recoveries in question. *Cetenko v. United Cal. Bank*, 30 Cal. 3d 528, 531, 532-33, 536 (Cal. 1982) (holding that an attorney could

3

enforce a lien against his client's recovery in one particular matter for "services rendered in [that matter] and *several other matters*" (emphasis added)).

Therefore, the district court's order affirming the bankruptcy court's decision is **AFFIRMED**.